FILED 03 MAY '11 14:01 USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY and KATHY HENIN,

    Plaintiffs,

v.

BANK OF AMERICA HOME LOAN
SERVICING and HSBC BANK USA, N.A.,

    Defendants.

Civil No. 10-1500-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    Plaintiffs filed this action in Clackamas County Circuit Court against defendants alleging wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, and for violations of the Unfair Trade Practices Act. Defendants timely removed this action based on diversity jurisdiction. Defendants now move to dismiss plaintiffs' Complaint based on failure to state a claim upon which relief may be granted. For the following reasons, defendants' Motion to Dismiss [8] is DENIED.

**STANDARDS**

    To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). When considering a motion to

1 - OPINION AND ORDER

dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a plaintiff's pleading. *Ashcroft*, 129 S. Ct. at 1949-50.

## FACTUAL BACKGROUND

In accordance with these standards, the following facts are taken from plaintiffs' Complaint, accepted as true, and construed in a light most favorable to plaintiffs.

Plaintiffs borrowed $1,978,000 from defendant HSBC Bank USA, N.A. (HSBC) as part of a mortgage that refinanced their home in 2007. In 2009, plaintiffs fell behind in their mortgage payments after Mr. Henin's printing company went out of business. In February 2010, plaintiffs received a Notice of Default from defendant BAC Home Loans Servicing, LP (BAC) indicating that it had initiated foreclosure proceedings on plaintiffs' residence. The foreclosure sale date was set for June 28, 2010, and later reset to July 8, 2010.

On June 17, 2010, plaintiffs retained a realtor to initiate a short sale application with BAC based on an offer to purchase the property for $699,000. The realtor notified BAC that the required appraisal was unlikely to be completed before the initial foreclosure date. BAC assured the realtor that the foreclosure sale date would be moved, so long as the short sale was moving forward. The sale date was reset to August 9, 2010.

In the following months, BAC assigned a new negotiator to the file, submitted a counteroffer of $1.1 million on the property, and again rescheduled the foreclosure sale to September 8, 2010. Plaintiffs sent a counteroffer of $810,000. BAC confirmed that it had received the offer, and was attempting to obtain a final appraisal.

On September 1, 2010, BAC notified the realtor that the short sale would move forward. The realtor asked BAC for confirmation that the foreclosure sale would again be postponed, but never received a response from BAC.

On September 8, 2010, just over one hour before the foreclosure sale was scheduled, BAC's Short Sale Specialist notified the realtor that the foreclosure sale would likely proceed because the offer did not meet acceptable criteria. Moments before the sale, the realtor responded that plaintiffs' buyer would go up in price, but BAC needed to present a counteroffer. Before the realtor received a response from BAC, the property was sold at the foreclosure sale for $900,000.

Following the sale, the realtor continued to negotiate with BAC about the short sale offer, but it was eventually declined. The realtor also inquired whether BAC would accept $950,000. BAC notified the realtor that it had closed the file.

Plaintiffs subsequently filed this action against BAC and HSBC, alleging that HSBC is vicariously liable for BAC's actions. Defendants now move to dismiss.

## DISCUSSION

### 1.     Wrongful Foreclosure

Plaintiffs' First Claim for Relief alleges that BAC orally agreed to forebear from foreclosing on the property until the short sale process was completed in exchange for plaintiffs' promise to attempt to find a buyer and expedite the sale. Compl. at ¶¶ 25-26. Plaintiffs allege

3 - OPINION AND ORDER

that they relied on BAC's statements, and that BAC breached the forbearance agreement when it sold the property at a foreclosure sale. *Id.* at ¶¶ 27-28. Defendants assert that the express language of the Deed of Trust prohibits oral modifications, and that plaintiffs' wrongful foreclosure claim fails because plaintiffs never tendered the past due loan amounts.

Defendants rely on a California state case to argue that tender is required to state a claim for wrongful judicial foreclosure. Reply at 4 (citing *Karlsen v. Am. Savings & Loan*, 15 Cal. App. 3d 112, 117 (1971)). Defendants have cited no Oregon authority to establish that tender is a prerequisite for a wrongful non-judicial foreclosure claim in Oregon. *Cf. Crane v. Mabry*, 802 P.2d 696, 699-700 (Or. Ct. App. 1990) (holding that a judicial foreclosure was proper where the borrower failed to make an unconditional offer of tender). However, if tender is required, plaintiffs have pled that their offer of $810,000 was submitted to defendants, and was sufficient to cover the past due amounts. At this stage, plaintiffs have adequately pled their claim.

In a non-judicial foreclosure pursuant to Oregon Revised Statute (ORS) section 86.735, a trustee may foreclose a trust deed if the grantor or other person owing an obligation defaults under the terms of the trust deed. ORS § 86.735(2). Plaintiffs argue that their oral forbearance agreement with BAC provided that they were not presently in default, which is a predicate condition for foreclosure. *Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp.*, 149 P.3d 150, 154 (Or. Ct. App. 2006).

The Deed of Trust provides that plaintiffs shall not be released from their obligations or liability under the terms of the loan unless the "Lender agrees to such release in writing." McStay Decl., Ex. 1 at ¶ 13.[1] However, Oregon courts allow oral modifications of a written

---

[1] This court may consider the Deed of Trust because its authenticity is undisputed and it underlies plaintiffs' claims. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

4 - OPINION AND ORDER

contract containing an express no-oral-modification clause. *Barinaga v. JP Morgan Chase & Co.*, No. 10-CV-266-AC, 2010 WL 4338326, at *5 (D. Or. Oct. 26, 2010) (citation omitted).

Defendants raise persuasive arguments that plaintiffs' Complaint lacks allegations that BAC unequivocally waived the no-oral-modification contract term of the Deed of Trust. However, plaintiffs' briefing asserts that the no-oral-modification term was modified as part of the oral forbearance agreement, rather than waived by BAC. Plaintiffs must therefore demonstrate that the alleged modification was supported by consideration. *Anderson v. Divito*, 908 P.2d 315, 322 (Or. Ct. App. 1995).

Plaintiffs assert that their promise to take on the additional work to "attempt to find a buyer and expedite the sale" should serve as consideration for BAC's promise not to sell the property, and to modify the no-oral modifications term. Compl. at ¶ 26. This court agrees.

Unlike the plaintiff in *Barinaga*, the new promise by plaintiffs to arrange for a short sale of the property on behalf of defendants was not an obligation that plaintiffs were already required to perform. *See Barinaga*, 2010 WL 4338326, at *5. The new promise as pled by plaintiffs serves as consideration for the oral modification.

Accepting plaintiffs' allegations as true, plaintiffs have alleged sufficient facts establishing the existence of an oral forbearance agreement. According to plaintiffs, the forbearance agreement purportedly modified the terms under the trust deed, so that as long as plaintiffs performed their obligation to find a buyer and arrange for a short sale, no default existed to authorize the power of sale under ORS § 86.735. *See Staffordshire Invs.*, 149 P.3d at 154. If plaintiffs' allegations are true, then BAC lacked the power to foreclose the property unless plaintiffs defaulted on their new obligations under the forbearance agreement. Plaintiffs' wrongful foreclosure claim survives dismissal.

5 - OPINION AND ORDER

### 2. Breach of Contract

In their Second Claim for Relief, plaintiffs allege that BAC breached the parties' binding forbearance agreement when it conducted the foreclosure sale. Compl. at ¶¶ 31-33. Defendants respond that even if the alleged forbearance agreement existed, plaintiffs received the entirety of that agreement's promise because the foreclosure sale was postponed while the short sale was moving forward. Defendants emphasize that plaintiffs' Complaint does not allege that BAC promised to accept a short sale offer by plaintiffs.

To properly state a claim for breach of contract under Oregon law, plaintiffs must allege (1) the existence of a contract, (2) the relevant terms of the contract, (3) plaintiffs' full performance and lack of breach, and (4) defendant's breach resulting in damage to plaintiffs. *Slover v. Or. State Bd. of Clinical Social Workers*, 927 P.2d 1098, 1101-02 (Or. Ct. App. 1996). After reviewing the Complaint, this court finds that plaintiffs' allegations are sufficient to state a claim for breach of the alleged oral forbearance agreement.

Plaintiffs allege that they contacted a realtor after receiving a Notice of Default from BAC, and "set out to find a buyer for the home rather than letting it go to foreclosure." Compl. at ¶¶ 5-7. Plaintiffs allege that "BAC assured the Realtor that as long as the short sale process was moving forward appropriately, the sale date would be moved." *Id.* at ¶ 8. Plaintiffs further allege that BAC agreed "not to foreclose on the Property until the short sale process was complete." *Id.* at ¶ 31. Although plaintiffs do not allege that BAC agreed to accept a short sale offer, plaintiffs' allegation that BAC agreed to wait until the process was complete implies that BAC would not foreclose the property until plaintiffs were given a good faith opportunity to arrange a short sale. Plaintiffs allege that their realtor contacted BAC frequently, including just before the foreclosure sale, to negotiate the terms of the short sale. Compl. at ¶¶ 12-23. They also allege that they fully

6 - OPINION AND ORDER

performed under the agreement, and that defendants' breach resulted in damage to plaintiffs. Reading the Complaint favorably to plaintiffs, as this court must, they have alleged each element of their claim.

### 3. Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs' Third Claim for Relief alleges that BAC breached its implied contractual duties. Oregon courts recognize that an obligation of good faith exists in the performance and enforcement of every contract. *Best v. U.S. Nat'l Bank of Or.*, 739 P.2d 554, 557 (Or. 1987). The doctrine of good faith is used to effectuate the reasonable contractual expectations of the parties. *Id.* at 558. The court must examine the parties' objectively reasonable expectations under the contract in accordance with the contract's express terms. *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639, 645 (Or. 1995). The doctrine of good faith cannot be used to contradict express contractual terms, or to bar a party from enforcing its legal rights under the contract. *Id.*; *U.S. Nat'l Bank of Or. v. Boge*, 814 P.2d 1082, 1092 (Or. 1991).

Defendants assert that the Deed of Trust expressly authorized BAC to foreclose the property upon default by plaintiffs. Where a written contract between parties expressly allows for a particular remedy in the face of a specified breach, the party invoking its contractual right does not violate its duty of good faith. *Uptown Heights*, 891 P.2d at 643. However, unlike *Uptown Heights*, plaintiffs have pled facts alleging that an oral forbearance agreement modified BAC's right of sale and required BAC to postpone the foreclosure sale until plaintiffs' short sale process was completed. *See id.* at 645 (noting that the plaintiff's pleading did not suggest that the agreement between the parties contained any other precondition on the bank's right to foreclose). Alternatively, plaintiffs have alleged that BAC induced them to enter the forbearance agreement and forgo their statutory right to cure when BAC had no intention of actually postponing the sale.

7 - OPINION AND ORDER

Plaintiffs have pled facts alleging a plausible claim for bad faith against defendants.

### 4.     Unfair Trade Practices Act (UTPA)

Defendants assert that plaintiffs' Fourth Claim for Relief under the UTPA is conclusory and vague. Defendants do not dispute that recent amendments to the UTPA by the Oregon Legislature bring plaintiffs' claim within the scope of the UTPA. *See* H.B. 3706, 75th Leg., 1st Spec. Sess. (Or. 2010) (adding "loans and extensions of credit" to definition of "Real estate, goods or services").

Although the question is close, plaintiffs' UTPA allegations are sufficient to survive dismissal. They have alleged that defendants are in the lending business, and that they willfully engaged in at least one unlawful trade practice (as defined in the statute) through their alleged conduct in offering to postpone the foreclosure sale in exchange for consideration by plaintiffs, misrepresenting the nature of the agreement, and foreclosing the property without authority to do so. *See* Compl. at ¶ 40; ORS §§ 646.607-08.

### CONCLUSION

For the reasons provided, defendants' Motion to Dismiss [8] is DENIED. Defendants' responsive pleading is due twenty (20) days after the date of this Opinion and Order.

IT IS SO ORDERED.

DATED this 3 day of May, 2011.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge